# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CATALINA MARKETING CORPORATION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:07-CV-477 (TJW) |
| v. | § § | |
| LDM GROUP LLC, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant LDM's Motion to Dismiss pursuant to 28 U.S.C. § 1406(a), or in the Alternative Transfer Venue to the Eastern District of Missouri Pursuant to 28 U.S.C. § 1404(a) (the "Motion") (#4).[1] Additionally, LDM moves the court to strike the affidavit of Todd Parish in the plaintiff's response to the Motion (#14). After considering the filings of the parties and the applicable law, the court **DENIES** the Motion for the reasons expressed below. Additionally, the court **DENIES as moot**, LDM's Motion to Strike, as the court does not consider the affidavit in ruling on the Motion.

**I.  Factual Background**

On November 1, 2007, Plaintiff Catalina Marketing filed suit against Defendant LDM, Inc. alleging that the defendant infringed United States Patent No. 6,240,349. Catalina is a Delaware corporation with its principal place of business in St. Petersburg, Florida. LDM is a Missouri limited liability company with it principal place of business in St. Louis, Missouri. Catalina represents to

---

[1] In its motion, LDM points out it had never been properly served with process. However, a review of the docket sheet shows LDM has since properly waived service of process. (#13) This issue, therefore, is moot.

the court, and LDM does not dispute, that the allegedly infringing product is sold, offered for sale, and used in this District.

## II. Discussion

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676. The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the

avoidance of unnecessary problems in conflict of laws. *Id.* The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676.

    *A.*    *Convenience Factors*

1. The plaintiff' choice of forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff chose to bring this suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

2. The convenience of parties and material witnesses

The court will first assess the convenience of the parties. The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. In this case, the plaintiff is based in St. Petersburg, Florida. The defendant is located in St. Louis, Missouri. The Eastern District of Missouri is no more convenient to the plaintiff than the Eastern District of Texas, but is more convenient to the defendant. This portion of the analysis favors transfer.

The court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)). Defense party

witnesses are likely to be located in or around the Eastern District of Missouri. The majority of witnesses the defendant identified in its motion are employees of the defendant and under its control. The defendant has only identified two non-party witnesses, Robert Uecker, who resides in Puerto Aventuras, Mexico, and Colin Dokry, who resides in Minneapolis. For Uecker, travel for trial is inevitable, and the Eastern District of Texas is no less convenient than the Eastern District of Missouri. The defendant has only identified Dokry as a potential witness, and has not provided why Dokry would be key, or outlined the substance of his testimony. The court finds this factor neutral.

### 3. The place of the alleged wrong

The plaintiff alleges, and the defendant does not dispute, that the allegedly infringing product is sold, offered for sale, and used in this District. The court finds that this factor weighs against transfer.

### 4. The cost of obtaining the attendance of witnesses and the availability of compulsory process

As discussed above, the defendant identified two non-party witnesses that it expects to call at trial. However, as stated above, it did not outline their testimony, nor explain why those particular witnesses will offer testimony that a party witness(es) could not offer. Additionally, this is a patent case and will likely mirror the vast majority of patent cases in that expert testimony will be important to the parties' arguments, claims, and defenses. The availability of compulsory process is not an issue for expert witnesses. The court finds that this factor is neutral as to transfer.

### 5. The accessibility and location of sources of proof

The court notes that this factor has become less significant in a transfer analysis because of

the advances in copying technology and information storage. *Mohamed*, 90 F. Supp. 2d at 778. Much of the defendant's evidence is likely located in the Eastern District of Missouri. The parties, however, are obligated to produce to the other relevant information pursuant to the court's initial disclosure requirements. The plaintiff is principally located in Florida, so documents will inevitably have to be transported. The court finds that this factor only slightly favors transfer.

### 6. The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). The court is unaware of any possibility of delay or prejudice if the case is transferred. This factor is neutral.

B. *Public Interest Factors*

### 1. The administrative difficulties caused by court congestion

The court is not aware of any administrative difficulties flowing from the Eastern District of Missouri, but not the Eastern District of Texas. Therefore, this factor is neutral.

### 2. The local interest in adjudicating local disputes

The products at issue are sold in the Eastern District of Texas. The citizens of the Eastern District of Texas have an interest in adjudicating issues of patent infringement with respect to products sold in the District. This factor weighs against transfer.

### 3. The unfairness of burdening citizens in an unrelated forum with jury duty

The products at issue are sold in the Eastern District of Texas. The Eastern District of Texas is not an unrelated forum for this case. This factor weighs against transfer.

### 4. The avoidance of unnecessary problems in conflict of laws

The court finds that this factor is inapplicable in this transfer analysis.

## III. Conclusion

Upon application of the section 1404(a) factors to this case, the court has exercised its discretion and has concluded that transfer to the Eastern District of Missouri is not warranted. The incident(s) giving rise to this cause of action occurred within in the Eastern District of Texas. The court finds that the competing factors do not justify a transfer. The court DENIES Defendant's Motion to Dismiss or in the Alternative Transfer Venue.

SIGNED this 9th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE