UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATALINA MARKETING CORPORATION, ) <br> and CATALINA HEALTH RESOURCE, LLC ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LDM GROUP, LLC, ) <br> ) <br> Defendant. ) | Case No. 4:09CV01114 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Catalina Health Resource, LLC's Notice of Motion and Motion for a Protective Order from Certain Topics of LDM Group LLC's Amended Notice of Deposition Pursuant to Rule 30(b)(6) [doc. #139]. The Court held a telephone hearing on this matter on Tuesday, November 3, 2009. Arguments from counsel for both Parties were heard.

Plaintiff Catalina Health Resource, LLC ("Plaintiff") seeks a protective order, striking certain topics from Defendant LDM Group, LLC's ("Defendant") notice of 30(b)(6) deposition. Specifically, Plaintiff argues that topics 1, 2, 4, and 9 improperly seek legal conclusions and expert opinions from lay witnesses, and that topic 10 seeks testimony regarding a patent that Plaintiff has not licensed. Thus, Plaintiff seeks to have these five topics stricken from the deposition notice. Additionally, Plaintiff argues that topics 3 and 5-8 should be narrowed to exclude Plaintiff's pre-filing investigation, attorney work product, and attorney-client communications.

The Court begins by noting that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Thus, "[r]elevance under Rule 26(b)(1) is construed more broadly for discovery than for trial." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987). "Where relevance is in doubt, the rule indicates that the court should be permissive." *Id.* at 1212. Courts are allowed significant discretion in making discovery-related decisions. *See Florsheim Shoe Co., Div. of Interco, Inc. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984) ("questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court").

The issue in this case is whether the Court should grant Plaintiff's request for a protective order. Protective orders may be ordered pursuant to Federal Rule of Civil Procedure 26(c), upon a showing of good cause. The Court finds that Plaintiff has failed to demonstrate that good cause exists with respect to most of the requested protective order provisions. As to topics 1-8, the Court finds that they seek relevant information and therefore overrules Plaintiff's objections and denies its request for a protective order, except to the extent that any of these topics seek information or testimony that is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. The Court finds that topic 9 calls for expert testimony, and therefore sustains Plaintiff's objection to the topic. Plaintiff's requested protective order is therefore granted on topic 9. Finally, Plaintiff has withdrawn its request for a protective order with respect to topic 10, so the Court need not address this point.

The Court notes that any ruling herein only relates to the obligation of 30(b)(6) witnesses to answer questions. No ruling the Court makes bears upon any other objection, nor does any ruling, at this time, suggest that any answer already given is improper.

Accordingly,

**IT IS HEREBY ORDERED** that Catalina Health Resource, LLC's Notice of Motion and Motion for a Protective Order from Certain Topics of LDM Group LLC's Amended Notice of Deposition Pursuant to Rule 30(b)(6) [doc. #139] is **GRANTED, in part**, and **DENIED, in part**, as set forth above.

Dated this 5th Day of November, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE